UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. _____

IDEAL PRODUCTS, INC.                                                                PLAINTIFF

v.                                              **COMPLAINT**

CHERRY ENGINEERING, INC.                                                  DEFENDANTS
CHRISTOPHER R. CHERRY

\*     \*     \*     \*     \*     \*

Comes the Plaintiff Ideal Products, Inc. and for its Complaint against the Defendants Cherry Engineering, Inc. and Christopher R. Cherry, states as follows:

JURISDICTIONAL ALLEGATIONS

1. The Plaintiff Ideal Products, Inc. ("Ideal") is a citizen of the state of Kentucky in that it is a company organized and incorporated under the laws of Kentucky. Ideal had a principal office and location in Fayette County from May 12, 1995 through August 16, 2010. Thereafter and currently, it has its principal place of business located at 126 Capital Court, Nicholasville, Jessamine County, Kentucky and has no principal place of business in New Mexico.

2. Defendant Cherry Engineering, Inc. ("CEI") is incorporated in the state of New Mexico and has a principal place of business located at 8805 Scarlet Knight Street NE, Albuquerque, New Mexico 87122. According to the New Mexico Secretary of State, it has designated Christopher R. Cherry as its registered agent for process at the address of 8805 Scarlet Knight Street NE, Albuquerque, New Mexico 87122. At the relevant times alleged

herein, this Defendant conducted and transacted business within the counties of Fayette and Jessamine in Kentucky. Pursuant to Fed. R. Civ. P. 4 and KRS 454.210, summons shall be served by sending by certified mail, two (2) true copies of the summons and two (2) attested copies of the Complaint to the Kentucky Secretary of State. The Kentucky Secretary of State shall thereafter make service upon this Defendant by serving Christopher R. Cherry at the address of 8805 Scarlet Knight Street NE, Albuquerque, New Mexico 87122.

3. Defendant Christopher R. Cherry ("Cherry") is an individual believed to be residing at 8805 Scarlet Knight Street NE, Albuquerque, New Mexico 87122 and is a citizen of New Mexico. At the relevant times alleged herein, this Defendant conducted and transacted business within the counties of Fayette and Jessamine in Kentucky. At all times alleged herein, Cherry was and continues to be President of CEI and a shareholder in the company. Pursuant to Fed. R. Civ. P. 4 and KRS 454.210, summons shall be served by sending by certified mail, two (2) true copies of the summons and two (2) attested copies of the Complaint to the Kentucky Secretary of State. The Kentucky Secretary of State shall thereafter make service upon this Defendant by serving Christopher R. Cherry at the address of 8805 Scarlet Knight Street NE, Albuquerque, New Mexico 87122.

4. At the relevant times alleged herein, the Defendants transacted and conducted business within the counties of Fayette and Jessamine in Kentucky and have subjected themselves to the personal jurisdiction of Kentucky by conducting business and presenting themselves personally in this state and by entering into business transactions in Fayette and Jessamine Counties for payments and fees associated with the Versatile Nonelectric Dearmer and/or PAN Disrupter or Min-PAN Disrupter. Additionally, the products that are the subject of this action were made in both Fayette and Jessamine Counties.

5. This Court has original jurisdiction over the action on two grounds. First, the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201 in that this is a civil claim arising under and involving a federal question of law involving 35 U.S.C. § 261 *et seq*. Secondly, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship and the amount of controversy, exclusive of interest and costs, exceeds the sum of $75,000. The Plaintiff Ideal is a citizen of Kentucky and has a principal place of business in Kentucky. The Defendant CEI is deemed a citizen of New Mexico and its principal place of business is in New Mexico. The Defendant Cherry is a citizen of New Mexico. The claims in dispute are claimed to be in excess of $75,000, exclusive of interest and costs based upon the claims asserted by the Defendant CEI for payments allegedly due in perpetuity.

6. This claim arises out of a patent issued by the United States Patent and Trademark Office ("USPTO") and whether fees are due and owed by Plaintiff involving the patent assigned to the United States of America as represented by the Secretary of the Navy (Washington, D.C.). Pursuant to the Joint Local Rules, U.S. District Courts for the Eastern and Western Districts of Kentucky, LR 3.1(a)(2), Jessamine and Fayette Counties falls within the Lexington Division of the Eastern District of Kentucky.

GENERAL ALLEGATIONS

7. Plaintiff asserts and incorporates all previous allegations of the Complaint as if fully set forth and incorporated herein.

8. On or about December 21, 1999, the Plaintiff Ideal and Defendant CEI entered into a business and license arrangement regarding Plaintiff manufacturing the Versatile Nonelectric Dearmer, which is also referred to as the PAN Disrupter or Mini-PAN Disrupter

(referred to herein collectively as the "PAN Disrupter). A copy of this agreement ("Agreement") is attached hereto as Exhibit "1".

9.  The PAN Disrupter is a device that is manufactured and sold by Plaintiff Ideal to military and law enforcement agencies to enable them to disrupt and render safe potential bombs or hazardous objects in a safe and controlled environment. This tool can only be sold to Certified Bomb Technicians. Distributors can be used to purchase, but the tool must be shipped to the Certified Bomb Technician's Bomb Squad.

10. Pursuant to the Agreement, Defendant CEI charged Plaintiff Ideal for the following:

> ten percent (10%) of the sales price of all PAN Disrupters, Mini-PAN Disrupters and any parts or components (new or replacement) singular or in a kit that are considered property and /or the invention of Christopher R. Cherry which are sold on or after November 15, 199) to all users or sub-distributors of the PAN and Mini-PAN Disrupter. Parts that are considered property and/or which are the invention of Christopher R. Cherry are: The PAN Disrupter, Mini-Pan Disrupter, to include barrel, breech assembly, firing pin, firing pin retaining spring, firing pin retainer, water plug positioning tool, shell extracting rod, laser adapter, dual block retaining fixture, Operators Manual (both paper and Electronic CD) and any other parts listed or described in the drawings of the PAN/Mini-Pan Disrupter.

(Exhibit "1"; Article IV).

11. The Agreement pertained to a patent issued by the USPTO for the PAN Disrupter in favor of the United States of America as represented by the Secretary of the Navy.

12. According to the USPTO records, a patent was granted for the invention of the PAN Disrupter (referred to in the patent as the "Versatile Nonelectric Dearmer") on September 18, 1990.

13. According to the USPTO, Defendant Cherry is the named inventor of the patent, but the records also indicate the patent was assigned to the United States of America as represented by the Secretary of the Navy (Washington, D.C.). The United States of America as represented by the Secretary of the Navy is hereafter referred to as the "NAVY".

14. According to the USPTO, it appears the patent was applied for on October 2, 1989 and granted on September 18, 1990, thus more than 20 years have elapsed since the patent was filed and the patent is no longer valid and enforceable.

15. Defendants CEI and Cherry have claimed a right to receive a royalty fee for the patent, both in the past and now in the future for perpetuity. The Agreement fails to have a termination period and is therefore terminable at-will.

16. The Agreement was terminated on May 20, 2014 by Plaintiff.

17. Defendants CEI and Cherry claim that Plaintiff Ideal owes Defendants fees for certain technical information as to the operation, capabilities and specific use of the PAN Disrupter and as to the recommended loads/projectiles to the end users. Plaintiff denies these claims. Ideal further states that training is obtained at the FBI Hazardous Devices School in Redstone, Alabama for all Civilian Bomb Technicians and the NAVSCOLEOD at Eglin AFB for Military Bomb Technicians. Plaintiff provides no training.

18. Defendants further claim that Plaintiff owes them fees based upon the total invoice price of the PAN Disrupter, regardless of the part make up and that a full ten percent (10%) fee is due on all Ideal products sold under the PAN Disrupter brand if any portion of technical information is provided by Defendants and is incorporated into such devices. Plaintiff denies these claims.

19. Defendants further demand an audit claiming Plaintiff Ideal may owe additional amounts for previous fees, which is denied by Plaintiff.

20. Plaintiff Ideal denies that Defendants are entitled to any royalty fee or any other fee either claimed in past or future and further deny that Defendants are entitled to an audit. Instead, Plaintiff states that Defendants' claimed fees are royalty and patent fees that are not owed to Defendants.

## CLAIM FOR DECLARATORY RELIEF

21. Plaintiff asserts and incorporates all previous allegations of the Complaint as if fully set forth and incorporated herein.

22. In March of 2014, Defendants CEI and Cherry asserted that they were entitled to an audit of Plaintiff's business sales for the PAN Disrupter. Plaintiff Ideal denies that it owes any amounts to Defendants. Plaintiff Ideal further maintains that Defendants have improperly collected royalty fees or other fees pertaining to the PAN Disrupter.

23. On March 26, 2014, Plaintiff requested all documents from Defendants that permitted them to receive a royalty fee or any fee for the PAN Disrupters. Defendants failed to produce any document, assignment or otherwise permitting them to receive any fee for the NAVY.

24. On April 10, 2014, Plaintiff Ideal again requested all documents from Defendants that permitted them to receive a royalty fee or any fee for the PAN Disrupters.

25. By letter dated April 16, 2014, Defendants responded claiming that Plaintiff Ideal owes Defendants a ten percent (10%) fee for certain claimed technical information based upon the total invoice price of the PAN Disrupter and also demanding an audit as set forth above.

26. Plaintiff Ideal denies the claims.

27. Based upon the records of the USPTO and the lack of any documents, assignments or otherwise permitting the Defendants CEI and Cherry from receiving fees for the NAVY, Plaintiff states there now exists a dispute between the Plaintiff and Defendants with regards to the payments and audit demanded by Defendants and performance thereof.

28. The claims involve a federal question and interpretation of 35 U.S.C. § 261 *et seq.* and other applicable federal law.

29. As such, Plaintiff Ideal is entitled to the determination of the dispute that currently exists between it and the Defendants, including a determination that Plaintiff owes no duty to pay any amounts to Defendants and that no audit is required.

30. As a result of the aforementioned, a real and justiciable controversy now exists, and will continue to exist, between Plaintiff and Defendants as to the rights, if any, between them under the Agreement.

31. It is therefore critical that a determination of the status and enforceability of the Agreement and rights and obligations of the parties under the Agreement be decided by the Court.

32. Plaintiff is therefore entitled to declaratory judgment holding that Plaintiff owes no further duties to pay any fees to Defendants and that no audit is to be performed of Plaintiff's sales.

WHEREFORE, the Plaintiff Ideal demands judgment against the Defendants CEI and Cherry and for an order on its Declaratory Judgment in its favor declaring that it has no obligation to pay any further fees to Defendants CEI and Cherry; that no audit is to be performed of Plaintiff's sales; for its attorneys' fees and expenses; for its court costs incurred herein; and for any and all other relief or orders to which it may be entitled.

Respectfully submitted,

/s/Benjamin Lee Kessinger, III
Benjamin Lee Kessinger, III
KINKEAD & STILZ, PLLC
PNC Tower
301 E. Main Street, Suite 800
Lexington, KY 40507
Telephone: (859) 296-2300
Facsimile: (859) 296-2566
E-mail:  lkessinger@ksattorneys.com
CO-COUNSEL FOR PLAINTIFF
IDEAL PRODUCTS, INC.

And

Trevor T. Graves
KING & SCHICKLI, PLLC
247 N. Broadway
Lexington, KY 40507
T: (859) 252-0889
F: (859) 252-0779
E-mail:  trevor@iplaw1.net
CO-COUNSEL FOR PLAINTIFF
IDEAL PRODUCTS, INC.